```
      IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF ALABAMA
                    NORTHERN DIVISION
```

MIGUEL PEREZ,                        :
                                     :
    Petitioner,                      :
                                     :
vs.                                  :   CIVIL ACTION 06-00688-KD-B
                                     :
DAVID O. STREIFF, *et al.*,          :
                                     :
    Respondents.                     :

## REPORT AND RECOMMENDATION

This is an action brought pursuant to 28 U.S.C § 2241 by Miguel Perez, who alleges that he is a citizen and native of Dominican Republic, and that he is being improperly detained by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). (Doc. 1). This action has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C § 636(b)(1)(B) and Local Rule 72.1(c) and is now ready for consideration. The record is adequate to determine Perez's claims; thus, no evidentiary hearing is required. Following a careful review of the record, it is recommended that the instant petition be dismissed, without prejudice, because it is premature.

## FINDINGS OF FACT

1.  Perez indicates that he is a citizen of Dominican Republic, and that he has been a legal permanent resident of the United States since 1987. (Doc. 1).

2.  Following a criminal conviction in New York for the criminal

sale of a controlled substance, an Immigration Judge, on February 8, 1999, ordered Perez removed from the United States to the Dominican Republic. (Doc. 15, Ex. C).  Perez appealed the removal order to the Bureau of Immigration Affairs, which denied and dismissed Perez's appeal on July 23, 1999. (Doc. 15, Ex. B). Perez's motion to reopen his case before the Bureau of Immigration Appeal was denied as untimely filed on December 5, 2001. (Doc. 15, Ex. D).

3.   Perez filed a petition for writ of habeas corpus challenging his order of removal in the United States District Court for the Southern District of New York on July 9, 2004. (Doc. 15, Ex. E). The district court ordered the petition transferred to the 2nd Circuit Court of Appeals pursuant to Section 106(a)(5) of the Real I.D. Act of 2005.  In its order transferring Perez's petition, the district court ordered that Perez's removal or deportation be stayed pending a ruling on Perez's case by the appeals court. (Id.).

4.   Perez completed his sentence for the underlying felony conviction on August 10, 2005. (Doc. 1).  Following his release from state custody, Perez entered ICE custody on September 1, 2005. (Id.).

5.   Perez filed the instant petition for habeas corpus relief on October 17, 2006, while his initial habeas petition was still pending before the Second Circuit.  In the instant petition, Peres seeks his immediate release from ICE custody and an award of fees

2

and costs pursuant to the Equal Access to Justice Act.

6. Subsequent to the Perez's filing of the instant petition, the Second Circuit Court of Appeals, on December 12, 2006, dismissed Perez's action for his failure to file a brief, and entered an order finding as moot Perez's motion for stay of removal and deportation. (Doc. 15, Ex. F).

7. On January 4, 2007, Deportation Officer Ronald Claude requested travel documents from the Dominican Republic in order to remove Perez from the United States, pursuant to the removal order dated February 2, 1999. (Doc. 15, Ex. G).

8. On January 10, 2007, Perez mailed a letter to Deportation Officer Claude wherein he advised that he had filed a second notice of appeal with the Second Circuit Court of Appeals, along with a second request for stay of deportation. (Doc. 15, Ex. H).

9. A review of the docket of the Second Circuit Court of Appeals reveals that Perez did in fact file a second motion for stay of removal on January 10, 2007.  The stay was granted by order of the Court on April 5, 2007. See Perez v. Wilson, No. 05-3542-AG (2nd Cir. April 5, 2007).

10. In their response to Perez's habeas petition, Respondents assert that Perez remains detained because of his own actions. (Doc. 15).  More specifically, Respondents assert that because Perez has petitioned for a stay of removal, he has prevented his deportation to Dominican Republic.  Thus, his habeas petition should be denied.

(Id.).

## CONCLUSIONS OF LAW

The United States Supreme Court, in <u>Zadvydas v. Davis</u>, 533 U.S. 678, 687-88 (2001), held that 28 U.S.C. § 2241 confers jurisdiction on federal courts to entertain actions such as this.  In interpreting 8 U.S.C. § 1231[1], the <u>Zadvydas</u> Court held that the

---

[1] 8 U.S.C. § 1231, entitled "Detention and Removal of Aliens to be removed," states in pertinent part:

    (a) Detention, release, and removal of aliens ordered removed

        (1) Removal period

        (A) In general

> Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").

        (B) Beginning of period

> The removal period begins on the latest of the following:
>
> (I) the date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final Order.
>
> (iii) If the alien is detained or confined (except under an Immigration process), the date the alien is released from detention or confinement.

    ©) Suspension of period

> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

statute "limits an alien's post-removal period detention to a period reasonably necessary to bring about that alien's removal from the United States.  It does not permit indefinite detention." Zadvydas, 533 U.S. at 689.  The Court went on to hold that "six months [was] a presumptively reasonable period of time to detain a removable alien awaiting deportation" pursuant to § 1231. See Akinwale v. Ashcroft, 287 F.3d 1050, 1051 (11th Cir. 2002).

Relying on the Zadvydas decision, the Eleventh Circuit Court of Appeals, in Akinwale,  held that the six-month period "must have expired at the time [Petitioner's] petition was filed in order to state a claim under Zadvydas."  Akinwale, 287 F.3d at 1052.  The Akinwale Court also noted that the six-month period could be interrupted by a petitioner's motion for a stay of deportation or removal. See Id., n.4 ("Akinwale was taken into custody on November 17, 1999, and interrupted the running of time under Zadvydas by moving on December 3, 1999, for a stay of deportation in his prior appeal to this Court.  The stay was granted on January 1, 2000. ....Akinwale subsequently filed the § 2241 petition in this case on March 21, 2000.  Thus, Akinwale, unlike the aliens in Zadvyas, chose to simultaneously challenge issues related to his removal order and his post-removal period detention.  Therefore, Akinwale did not have even an unencumbered month of detention prior to filing his § 2241 petition, let alone the requisite six months."); 8 U.S.C. § 1231(a)(1)(c) ("The removal period shall be extended beyond a period

5

of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.").

A review of the record in this matter reveals that on June 20, 2005, Perez's removal was stayed pending review of the removal order by the Second Circuit Court of Appeals. (Doc. 15, Ex. E).  Thus, the stay was in effect at the time Perez filed the instant habeas petition on October 17, 2006.  The stay was not lifted until the Second Circuit Court of Appeals dismissed Perez's appeal on December 12, 2006. (Doc. 15, Ex. F).  The lifting of the stay was short lived however as the record reflects that Perez filed a second motion for stay of removal with the Second Circuit on January 10, 2007.  The stay request was granted by the court on April 5, 2007. See Perez v. Wilson, No. 05-3542-AG (2nd Cir. April 5, 2007).  In light of the pending stay of removal, the six month presumptive period for removal has not yet commenced, let alone expired.  Moreover, as argued by the Government, by seeking a second stay, Perez, as opposed to the Government has prevent his deportation to the Dominican Republic.  Accordingly, the undersigned finds that Perez has failed to establish that his continued detention is improper under 8 U.S.C. § 1321(a)(1)( c).

**CONCLUSION**

For these reasons, the undersigned recommends that this Court deny Perez's request for release under order of supervision, and dismiss, without prejudice, Perez's petition under 28 U.S.C. § 2241 as prematurely filed, pursuant to 8 U.S.C. 1231. The dismissal is without prejudice to Perez's right to file a new habeas petition[2] in the future when he is able to state a claim under <u>Zadvydas</u>.

The attached sheet contains important information regarding objections to the report and recommendation of the undersigned magistrate judge.

Done this the **10th** day of **August 2007.**

　　　　　　　　　　　　　　　　**/s/ SONJA F. BIVINS**
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

---

[2] As the record reflects that Perez was recently transferred to a jail in New York, any new petitions should be filed in the district where he is currently housed.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   <u>**Objection**</u>.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   <u>**Opposing party's response to the objection.**</u>  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   <u>**Transcript (applicable where proceedings tape recorded)**</u>.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.