IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MIGUEL PEREZ,** | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 06-00688-KD-B |
| **DAVID O. STREIFF,** *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

This is an action brought pursuant to 28 U.S.C § 2241 by Miguel Perez, who alleges that he is a citizen and native of Dominican Republic, and that he is being improperly detained by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). (Doc. 1).  Petitioner has also filed a Motion for a Preliminary Injunction. (Doc. 12).  Petitioner seeks to prevent his removal from the United States, and argues that the removal decision was based on "erroneous information supplied at Petitioner's final deportation proceedings and subsequent immigration appeal." (Id.).  Petitioner further argues that he will suffer immediate and irreparable injury and that he "may even face death" if the Court does not issue an injunction preventing his removal.

Petitioner's Motion has been referred to the undersigned Magistrate Judge for a recommendation pursuant to 28 U.S. C. § 636(b)(1)(B), Local Rule 72.2 and the standing order of general reference.  Based upon a review of Petitioner's Motion and

Complaint, it is recommended that Petitioner's Motion for an Injunction be **DENIED**[1].

In order to prevail on a request for a temporary restraining order, Plaintiff must show: (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002); Zardui-Quinatana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985). A temporary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four requisites. Id. at 1216; McDonald's Corp. V. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1988). It is mandatory that all four factors are satisfied. United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). Moreover, injunctive relief will not issue unless the complained of conduct

---

[1] By separate Order, the undersigned has contempareneoulsy issued a Report and Recommendation wherein it is recommended that Petitioner's petition be denied as premature. As set forth in the Report, Petitioner filed his habeas action despite the fact that his appeal of the removal order is still pending before the Second Circuit Court of Appeals. Because the appeal is still pending, the presumptively reasonable six-month period for holding a removable alien awaiting deportation pursuant to § 1231 has not yet commenced. See Akinwale v. Ashcroft, 287 F.3d 1050, 1051 (11th Cir. 2002).

is imminent and no other relief or compensation is available. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

In the case sub judice, Petitioner has failed to show that there is a substantial likelihood that he will ultimately prevail on the merits of this action.  He has also failed to set forth any facts which suggest that he will suffer irreparable harm, or that he is in imminent danger.  His conclusory assertion that he may even face death if deported is not sufficient.  As noted *supra*, Petitioner's appeal of the deportation decision is currently pending before the Second Circuit of Appeals, and an Order staying his deportation has been entered. (Docs. 15, 16); *See also* Perez v. Wilson, No. 05-3542-AG (2nd Cir. April 5, 2007).  Thus, Petitioner faces no immediate threat of deportation, let alone imminent danger.  Because Petitioner has failed to establish the prerequisites necessary to support his Motion for a Preliminary Injunction, it is recommended that Petitioner's Motion be **DENIED**.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this **10th day** of **August 2007**.

                                               /S/ SONJA F. BIVINS
                                       **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to

this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.